# IN RE: APPLICATION OF JACK GINSBURG TO CELEBRATE MARRIAGES

Record No. 870039

September 23, 1988

Present: All the Justices

166

*Peter Karpoff* for appellant.

RUSSELL, J., delivered the opinion of the Court.

This appeal presents the question whether the regularly selected Clerk of a Quaker Meeting may qualify as a "minister" pursuant to Code § 20-23 for the purpose of celebrating marriages.

The appellant's *ex parte* application states the facts as follows. The Alexandria Monthly Meeting of the Religious Society of Friends is affiliated with the Baltimore Yearly Meeting, an organization of Quakers established in 1672. Jack Ginsburg was duly selected Clerk by the membership of the Alexandria Meeting in accordance with Quaker discipline. He serves as the sole incumbent of that position. The Clerk of a Friends Meeting is its designated administrative official. Ginsburg meets with the members of the Meeting for weekly worship and "performs such ministerial duties in meeting for worship and meeting for business as are consistent with Quaker discipline." Quaker discipline provides for "marriage of members of the Meeting under the care of the Meeting."

Mr. Ginsburg applied to the circuit court for authority to celebrate marriages under Code § 20-23, which provides for the licensing of ministers to celebrate marriages without the requirement of bond.[1] The court determined that he did not qualify for licensing under that section and denied the application. Thereafter, Mr. Ginsburg obtained authority to celebrate marriages under Code § 20-26, which requires a $500 bond with surety.[2] He

---

[1] Code § 20-23: When a minister of any religious denomination shall produce before the circuit court of any county or city in this State, or before the judge of such court or before the clerk of such court at any time, proof of his ordination and of his being in regular communion with the religious society of which he is a reputed member, or proof that he holds a local minister's license and is serving as a regularly appointed pastor in his denomination, such court, or the judge thereof, or the clerk of such court at any time, may make an order authorizing such minister to celebrate the rites of matrimony in this State. Any order made under this section may be rescinded at any time by the court or by the judge thereof.

[2] Code § 20-26: Marriages between persons belonging to any religious society which has no ordained minister, may be solemnized by the persons and in the manner prescribed by and practiced in any such society. One person chosen by the society shall be responsible for completing the certification of marriage in the same manner as a minister or other person authorized to perform marriages; such person chosen by the society for this purpose shall be required to execute a bond in the penalty of $500, with surety.

posted a property bond but appealed the denial of his original application.

On appeal, Mr. Ginsburg argues that he is a "minister" within the meaning of Code § 20-23, but that if this Court should hold otherwise, then the statutory scheme which requires a bond as a prerequisite to the licensing of a Quaker Clerk to celebrate marriages, while dispensing with that requirement in the case of ecclesiastically ordained ministers, would violate the establishment clauses of Va. Const. art. I §16 and U.S. Const. amend. I. Because we agree with his primary contention, we do not reach the constitutional issues he raises.

We construed Code § 20-23 in *Cramer v. Commonwealth*, 214 Va. 561, 202 S.E.2d 911, *cert. denied*, 419 U.S. 875 (1974). There, we noted that the statute applies to "ministers" who make proof of "ordination" and of being in "regular communion" with a religious society. *Id.* at 563, 202 S.E.2d at 913. We held, however, that the term "minister" applies to those for whom ministry is less than a full-time vocation, and that the terms "ordination" and "communion" are not used in the ecclesiastical sense, because the state has no concern with the religious aspect of the marriage ceremony. *Id.* at 564-65, 202 S.E.2d at 913-14. We noted that the word "ordain" is subject to such definitions as "appoint," "arrange," "order," "manage," and "to establish by appointment." We noted further that the word "communion" is subject to such definitions as "mutual participation," "joint or common action," and "a function performed jointly." *Id.* at 565, 202 S.E.2d at 914. We did, in *Cramer*, define a "minister," as the term is used in Code § 20-23, as one who "is the head of a religious congregation, society or order. He is set apart as the leader. He is the person elected or selected in accordance with the ritual, bylaws or discipline of the order." *Id.* at 567, 202 S.E.2d at 915.

We hold that Mr. Ginsburg meets the definition of a "minister" who has furnished "proof of his ordination and of his being in regular communion with the religious society of which he is a reputed member," within the meaning of Code § 20-23, as we construed it in *Cramer*. Accordingly, we will reverse the order appealed from and remand the case for the entry of an appropriate order authorizing the appellant to celebrate marriages in Virginia pursuant to Code § 20-23.

*Reversed and remanded.*